UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>BARRY ALLEN GABELMAN,<br><br>Defendant(s). | Case No. 2:20-CR-19 JCM (NJK)<br><br>ORDER |

Presently before the court is Barry Allen Gabelman's ("defendant") motion for reconsideration. (ECF No. 35). The government filed a response. (ECF No. 41). Defendant did not file a reply, and the time to do so has passed.

Defendant concedes that "[a] motion for reconsideration may be granted in three situations: (1) when there is newly discovered evidence; (2) when the court has committed clear error; and (3) when there is an intervening change in the controlling law." (ECF No. 36 at 3 (citing *89 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). But defendant does not present any newly discovered evidence, does not argue that the court committed clear error, and does not point to any intervening change in controlling law.

Instead, the entirety of defendant's motion is predicated on the recent spread of the novel strain of coronavirus, COVID-19. (*See generally* ECF No. 36). The court notes that regardless of where defendant is housed—whether that be Southern Nevada Detention Center ("SNDC") or a halfway house—defendant is at risk of contracting COVID-19.

The government further highlights the risk COVD-19 poses to defendant if he is released to a halfway house, where "residents of the halfway house are able to leave the facility and go into the community and return to the halfway house . . . ." (ECF No. 41 at 10). Conversely, the

**James C. Mahan**
**U.S. District Judge**

government notes that there has been no COVID-19 cases in SNDC and further explains the measures that SNDC has taken to prevent the spread of COVID-19. *Id.* at 7–8. As the government argues, defendant's request rests on "a purely speculative argument about the conditions at the Detention Center that would be equally applicable to *every other inmate housed in that facility*." *Id.* at 9 (emphasis in original).

Defendant does not reply to rebut any of these points. As a result, the court finds no reason to once again reconsider his detention.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's emergency motion to reconsider (ECF No. 35) be, and the same hereby is, DENIED.

DATED April 10, 2020.

_____
UNITED STATES DISTRICT JUDGE