# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| UNITED STATES OF AMERICA, | Case No. 2:20-CR-19 JCM (NJK) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| BARRY ALLEN GABELMAN, | |
| Defendant(s). | |

Presently before the court is Barry Allen Gabelman's ("defendant") motion to suppress. (ECF No. 31). The United States of America ("the government") filed a response (ECF No. 38), to which defendant replied (ECF No. 45).

Also before the court is Magistrate Judge Koppe's report and recommendation (R&R) (ECF No. 50). No party objected to the R&R, and the time to do so has passed.

Defendant argues that he revoked his consent to search his cellphone and, as a result, any evidence obtained after his revocation should be suppressed. (ECF No. 31). The government contends that, in the time FBI agents had consent to search the phone, the agents found evidence of the instant offense. (ECF No. 38 at 4). Thus, while the government discontinued its search after defendant revoked his consent, the government retained the phone pending a search warrant, which it secured on December 12. *Id.* at 5. In reply, defendant urges that the seizure of the phone was illegal and that the delay between that seizure and obtaining a search warrant was unreasonable. (ECF No. 45 at 2–3).

Magistrate Judge Koppe recommends denying defendant's motion. (ECF No. 50). Judge Koppe found that the FBI agents complied with the mandate in *Jones v. Berry*, 722 F.2d 443 (9th Cir. 1983), when defendant revoked his consent and they discontinued their search. *Id.* at 8–9.

**James C. Mahan**
**U.S. District Judge**

1. Judge Koppe also found, "under the totality of the circumstances," that the six-day delay in obtaining a warrant was reasonable in light of the government's diligent efforts to obtain a search warrant. *Id.* at 10–13.

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made).

Nevertheless, this court conducted a *de novo* review to determine whether to adopt the recommendation of the magistrate judge. Upon reviewing the recommendation and attendant circumstances, this court finds good cause to adopt the magistrate judge's findings in full.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Judge Koppe's R&R (ECF No. 50) be, and the same hereby is, ADOPTED.

IT IS FURTHER ORDERED that plaintiff's motion to suppress (ECF No. 31) be, and the same hereby is, DENIED.

DATED May 26, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -