UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>v.<br>BARRY ALLEN GABELMAN,<br>    Defendant. | Case No. 2:20-cv-00019-JCM-NJK<br>**Order**<br>[Docket Nos. 90, 91, 92] |

Pending before the Court are Defendant's motion seeking the undersigned's recusal and motion to dismiss the charges against him. Docket Nos. 90, 91. Also pending is the United States' motion to strike Defendant's filings and for a standing order striking all future *pro se* filings while Defendant is represented by counsel. Docket No. 92. The Court has considered Defendant's motions and the United States' motion. Docket Nos. 90, 91, 92. These matters are properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the United States' motion to strike is **GRANTED**.

Defendant is currently represented by counsel. *See* Docket Nos. 76, 81. The Local Rules prohibit a represented party from filing documents with the Court. *See* Local Rule IA 11-6(a) ("Unless the Court orders otherwise, a party who has appeared by attorney cannot while so represented appear or act in the case. This means that once an attorney makes an appearance on behalf of a party, *that party may not personally file a document with the court*; all filings must thereafter be made by the attorney." (emphasis added)). This alone is reason to strike both of Defendant's motions. However, due to the importance of eliminating potential bias from court proceedings, the Court will consider the recusal arguments before it. In this case, Defendant seeks

recusal on the basis that the undersigned ordered Defendant detained pending trial in this case and that the undersigned used to work as a federal prosecutor. Docket No. 90 at 3-5.

Recusal is assessed pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455. The substantive standard for recusal under both Sections is the same: "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997) (quoting *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986)). Ordinarily, any alleged bias must stem from an "extrajudicial source." *Liteky v. United States*, 510 U.S. 540, 554-56 (1994). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* at 555; *see also id.* at 551 ("Also not subject to deprecatory characterization as 'bias' or 'prejudice' are opinions held by judges as a result of what they learned in earlier proceedings"). A judge's prior adverse ruling is not a sufficient cause for recusal. *Taylor v. Regents of the Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) (quoting *United States v, Studley*, 783 F.2d 939,939 (9th Cir. 1986)).

Defendant submits that, because the undersigned used to work as a prosecutor, she sides with the prosecution regardless of the matter before the Court. Docket No 90 at 3-4. Defendant fails to provide any objective basis for this statement. A conclusory statement that the undersigned was previously a federal prosecutor is insufficient to show that the undersigned showed actual bias or prejudice in this matter or that her impartiality might be reasonably questioned. *See, e.g, Marin-Torres v. United States*, 2021 U.S. Dist. LEXIS 32685, at *1-2 (W.D.Wash. Feb. 22, 2021); *Diaz v. Fox*, 2017 U.S. Dist. LEXIS 186382, at *2-3 (E.D.Cal. Nov. 9, 2017).

Defendant's main argument for recusal, however, seems to be his disappointment with the undersigned's decision to detain him pending trial. Docket No. 90 at 4-5. Defendant's disappointment with the undersigned's prior ruling is not a sufficient cause for recusal. *See Taylor*, 993 F.2d at 712. Further, the undersigned's ruling on Defendant's detention was reviewed and affirmed by both the District Judge assigned to this case and the Ninth Circuit. *See* Docket Nos. 30, 46; *United States v. Gabelman*, 2020 U.S. App. LEXIS 12840 (9th Cir. April 20, 2020).

Defendant points to no extrajudicial source of bias or prejudice underlying this decision that would warrant judicial disqualification in this matter.

In short, the undersigned harbors no actual bias or prejudice against Defendant. Further, Defendant has failed to demonstrate that a reasonable person with knowledge of all the facts would conclude that the undersigned's impartiality might reasonably be questioned. Therefore, Defendant's motion for recusal, if properly filed, would be properly denied.

For the reasons discussed above, the United States' motion to strike, Docket No. 92, is **GRANTED** in part. The Clerk's Office is **INSTRUCTED** to strike Docket Nos. 90 and 91. The Court **DENIES** the United States' request to enter a standing order striking Defendant's future filings. That request is based on speculation and is not supported by points and authorities.

IT IS SO ORDERED.

Dated: October 19, 2021

_____
Nancy J. Koppe
United States Magistrate Judge