UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>BARRY ALLEN GABELMAN,<br><br>Defendant(s). | Case No. 2:20-CR-19 JCM (NJK)<br><br>ORDER |

Presently before the court is defendant Barry Gabelman ("defendant")'s motion for judgment of acquittal. (ECF No. 148). The government responded. (ECF No. 149).

Also before the court is defendant's pro se motion to withdraw [sic]. (ECF No. 139). No response was filed, and the time to do so has passed.

I. **INTRODUCTION**

Defendant was indicted on February 4, 2020, and charged with, *inter alia*, coercion and enticement in violation of 18 U.S.C. § 2422(b). Following a three-day jury trial, defendant was found guilty on February 9, 2022. Defendant's sentencing hearing is set for January 27, 2023. As of July 7, 2022, defendant and his counsel had limited communication. Since then, counsel has filed several documents and a motion on behalf of defendant. Defendant now moves the court to dismiss his counsel and appoint new counsel as well as set aside the verdict and enter a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29.

…

**James C. Mahan**
**U.S. District Judge**

At trial, the government presented evidence of the following.

Beginning in October 2019 until his arrest on December 6, 2019, defendant was communicating with an undercover Federal Bureau of Investigation agent posing to be a father ("Cam") and his eleven-year-old daughter ("Ellie"). During these communications, defendant sent pictures of male genitalia to Ellie, requested nude photographs of Ellie's genitalia, and discussed with Cam and Ellie sexual acts he would perform with Ellie. Defendant also asked Cam multiple times if he was in law enforcement.

Defendant agreed to meet with Cam and Ellie at a recreational vehicle ("RV") in a predetermined location on December 6, 2019. Cam requested that defendant bring Malibu rum and a small gift for Ellie, but defendant declined citing his lack of financial resources. When Cam mentioned he already had Bacardi rum in the RV, defendant encouraged Cam to give some to Ellie to help her relax. Cam also requested defendant wear a condom during his encounter with Ellie, and defendant replied that he would do so.

When FBI agents confronted defendant at the RV, he informed them that he was there to discuss purchasing an RV. A cell phone and a condom were found on his person. Defendant consented to a search of his cell phone, which revealed the images defendant sent to Ellie as well as the alleged conversations he had with Cam and Ellie. He also consented to a search of his apartment, which revealed no child pornography or further evidence.

## II.    LEGAL STANDARD

   *a. Rule 29 Acquittal*

Rule 29(c) permits a defendant to move for a judgment of acquittal within fourteen days of a guilty verdict. Fed. R. Crim. P. 29(c). The standard relies on the sufficiency of evidence presented at trial. *See United States v. Stoddard*, 150 F.3d 1140, 1144 (9th Cir. 1998). If the

**James C. Mahan**
**U.S. District Judge**

evidence, viewed in the light most favorable to the prosecution, is so insufficient that no "rational juror could conclude that the government proved its case beyond a reasonable doubt," the court may set aside the jury verdict and enter an acquittal. *See* Fed. R. Crim. P. 29(c); *United States v. Shetler*, 665 F.3d 1150, 1163–64 (9th Cir. 2011); *United States v. Dinkane*, 17 F.3d 1192, 1196 (9th Cir. 1994).

b. *Motion to Withdraw*

Local Rule IA 11-6(e) provides that "[e]xcept for good cause shown, no withdrawal or substitution will be approved if it will result in delay of discovery, the trial, or any hearing in the case." Because the Sixth Amendment guarantees criminal defendants the right to "reasonably effective" assistance of counsel, defendant must demonstrate that his current counsel is reasonably ineffective to warrant dismissal and appointment of new counsel. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

### III.   DISCUSSION

a. *Rule 29 Acquittal*

Defendant was found guilty of coercion and enticement of a minor in violation of 18 U.S.C. § 2422(b). To warrant a judgment for acquittal, defendant's instant motion must demonstrate that no rational trier of fact could conclude each element of the crime was proven beyond a reasonable doubt with the evidence presented at trial. *See* Fed. R. Crim. P. 29(c); *Shetler*, 665 F.3d at 1163–64; *Dinkane*, 17 F.3d at 1196. The elements of the crime are (1) the defendant used a means of interstate commerce to knowingly persuade, induce, entice, or coerce an individual to engage in a criminal sexual activity; (2) the defendant believed the individual has not attained the age of eighteen; and (3) the defendant took a substantial step toward

**James C. Mahan**
**U.S. District Judge**

committing the crime that corroborates the defendant's intent to commit the crime.  *See* 18 U.S.C. § 2422(b); *United States v. Goetzke*, 494 F.3d 1231, at 1234–35 (9th Cir. 2007).

Defendant argues the evidence showing his intent to commit the crime falls short.  (ECF No. 148).  To support his argument, defendant points to several pieces of evidence: (1) his own testimony he was attempting to catch a pedophile; (2) the fact that he did not bring the requested rum or small gift for Ellie; (3) and a lack of other evidence.[1]  (*Id.*).  This is unpersuasive.

Though defendant claims his intentions were to catch Cam, when he arrived at the location to meet Cam and Ellie, he told officers he was there to purchase an RV rather than assisting law enforcement in catching a predator.  (ECF No. 149).  Moreover, defendant told Cam before the meet-up he would not be bringing any gifts because of a lack of financial resources.  (*Id.*).  Finally, the lack of direct evidence as to defendant's intent is entirely outweighed by the other evidence presented by the government.  To wit, the pictures of genitalia that defendant sent to Ellie, the nude photographs he requested from Ellie, thirty-six days of messages detailing sexual acts he would perform on or with her, and encouraging Cam to have Ellie consume alcohol to relax on the day of the meet-up all support intent to commit the crime.

Concluding beyond a reasonable doubt that all elements of the crime charged were met here is not out of the realm of rationality.  Defendant did not make the requisite showing that no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *See Shetler* 665 F.3d at 1163.

. . .

. . .

---

[1] Specifically, defendant submits that no FBI agent specifically testified as to defendant's intent, there was nothing found in defendant's phone or dwelling that proved intent, and that the condom he had on his person was part of his normal behavior and thus not indicative of his intent at the time of his arrest.

**James C. Mahan**
**U.S. District Judge**

- 4 -

    *b. Motion to Withdraw*

    Defendant's ill-named motion argues he has been unable to communicate with his court-appointed attorney, Daniel Hill, esq., and requests Mr. Hill be dismissed and a new attorney appointed. Since the filing of defendant's motion, however, Mr. Hill has filed stipulations and a motion for acquittal on defendant's behalf. (ECF Nos. 145, 148, 150). Without more, brevity of communication between a defendant and his counsel does not warrant a finding of ineffective assistance of counsel. See *U.S. v. Lucas*, 873 F.2d 1279, 1280 (9th Cir. 1989) (citing *Murray v. Maggio*, 736 F.2d 279, 282 (5th Cir. 1984)).

    Defendant's sentencing hearing is currently scheduled for January 27, 2023. Mr. Hill has been adequately representing defendant since his appointment, and a change in counsel would unnecessarily delay proceedings. Therefore, the court finds it appropriate for Mr. Hill to continue representing defendant for the remainder of his criminal proceedings pursuant to 18 U.S.C. § 3006A, absent a future finding by the court to grant dismissal or substitution of counsel for good cause.

**IV.   CONCLUSION**

    Accordingly,

    IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for acquittal (ECF No. 148) is DENIED with prejudice.

    IT IS FURTHER ORDERED that defendant's motion to withdraw (ECF No. 139) is DENIED.

    DATED January 27, 2023.

                                                             UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**