UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>BARRY ALLEN GABELMAN,<br><br>Defendant(s). | Case No. 2:20-CR-19 JCM (NJK)<br><br>ORDER |

Presently before the court is defendant Barry Gabelman ("defendant")'s motion to withdraw [sic]. (ECF No. 159). There has been no response, and the time to respond as passed.

## I. INTRODUCTION

This matter was initiated on January 15, 2020, with the filing of a criminal complaint against defendant charging him with coercion and enticement in violation of 18 U.S.C. § 2422(b) as well as transfer of obscene material to minor in violation of 18 U.S.C. § 1470. (ECF No. 1). On February 4, 2020, a grand jury indicted defendant on these charges. (ECF No. 17). After trial, a jury found defendant guilty of count one of the indictment: coercion and enticement. (ECF No. 113). Defendant was sentenced to 292 months in custody and a life term of supervised release on January 27, 2023. (ECF Nos. 155, 156).

Defendant's current counsel, attorney Daniel Hill, was appointed on April 22, 2022, to represent defendant pursuant to the Criminal Justice Act ("CJA"). (ECF No. 132). In his representation of defendant, Mr. Hill has filed four stipulations to continue defendant's sentencing hearing (ECF Nos. 135, 140, 145, 150), moved for judgment of acquittal (ECF No. 148), and represented defendant at the sentencing hearing (ECF No. 155). Mr. Hill has also filed a notice of appeal, noticing this court of defendant's intent to appeal his judgment and conviction. (ECF No. 257).

**James C. Mahan**
**U.S. District Judge**

Since Mr. Hill's appointment, defendant has filed two ill-named motions to withdraw, seeking to dismiss Mr. Hill, which have been denied. (ECF Nos. 137, 138, 139, 153). Mr. Hill is defendant's third CJA counsel and fourth counsel-of-record. (*See* ECF Nos. 6, 61, 76, 132). For the third time, defendant now seeks his fifth court-appointed attorney. (ECF No. 159).

## II.     LEGAL STANDARD

Local Rule IA 11-6(e) provides that "[e]xcept for good cause shown, no withdrawal or substitution will be approved if it will result in delay of discovery, the trial, or any hearing in the case." While the Sixth Amendment guarantees criminal defendants the right to "reasonably effective" assistance of counsel, defendant must demonstrate his current counsel is reasonably ineffective. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Brevity of communication alone between a defendant and his counsel does not warrant a finding of ineffective assistance of counsel. See *U.S. v. Lucas*, 873 F.2d 1279, 1280 (9th Cir. 1989) (citing *Murray v. Maggio*, 736 F.2d 279, 282 (5th Cir. 1984)).

## III.    DISCUSSION

In support of his motion, defendant points to (1) a lack of communication; (2) failure to deliver on certain promises; (3) action without client approval; and (4) various other grounds. (ECF No. 159). The court addresses each in turn.

   a. *Lack of communication*

Defendant asserts that Mr. Hill was appointed to represent defendant "around the end of March of 2022, or the beginning of April 2022" and that approximately two weeks passed before there were any attempts to communicate with defendant. (ECF No. 159). Thereafter, Mr. Hill did not return any messages until May 16, 2022, and indeed spoke with defendant on the phone only twice prior to his sentencing. (*Id.*). Defendant also alleges that he sent twelve or thirteen handwritten letters to Mr. Hill that went unanswered. (*Id.*).

ia

   b. *Failure to deliver on promises*

Defendant avers a motion for a judgment of acquittal pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure ("Rule 29 motion") should have been filed with this court, "which attorney Daniel Hill 'claimed' he filed with the court, but was <u>NEVER</u> ruled on by Judge James C. Mahan <u>BEFORE</u> [defendant]'s sentencing hearing." (ECF No. 159 (emphasis in

**James C. Mahan**
**U.S. District Judge**

- 2 -

original)).  Defendant is mistaken.  Mr. Hill filed the Rule 29 motion, which this court denied prior to defendant's sentencing hearing.  (ECF Nos. 148, 153).

Further, defendant briefly mentions that Mr. Hill promised to file a motion for new trial.  (ECF No. 159).  The court has no way to assess the veracity of this claim, but the timely filing of such motion either would have been the responsibility of defendant's prior counsel, or the time for Mr. Hill to do so has not lapsed.[1]  *See* Fed. R. Crim. P. 33(b)(1), (2).  Thus, even assuming the truth of defendant's assertion, defendant has failed to describe any potential adverse impact in this matter.

c. *Action without approval*

Defendant alleges that Mr. Hill waived certain rights of defendant without his approval—namely, the right to be present and speak at any court proceedings.  (ECF No. 159).  There has been only one court proceeding since Mr. Hill's appointment, which was the sentencing and disposition of this matter on January 27, 2023.  (ECF No. 155).  Defendant was present and addressed the court during the hearing.  (*Id.*).

Further, defendant alleges he was never consulted prior to any continuances of his sentencing hearing.  (ECF No. 159).  Four stipulations to continue defendant's sentencing hearing were filed and granted.  (ECF Nos. 135, 140, 145, 150).  Defendant posits that if he objected to the continuances, Mr. Hill failing to consult with defendant prior to stipulating to the continuance could have "possibly resulted in a miscarriage of justice, which could have also possibly benefited [defendant] in some way."  (ECF No. 159).

Mr. Hill need not consult his client prior to any and all action taken in the matter.  Nevada's Rules of Professional Conduct ("NRPC") provide that "[a] lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation."  NRPC 1.2(a).  The first three continuances were granted to allow time for Mr. Hill to familiarize himself with defendant's case and file the Rule 29 motion that defendant wished to be filed.  (ECF Nos. 135, 140, 145).

---

[1] There are two grounds on which a motion for a new trial can be filed: if there is newly discovered evidence, or any other ground.  If there is newly discovered evidence, the motion must be filed within three years of the verdict, which will be February 2025.  A motion for new trial on any other ground must be filed within 14 days of the verdict, which would have been February 23, 2022, when defendant was represented by other counsel.

**James C. Mahan**
**U.S. District Judge**

- 3 -

Because these continuances were necessary for the adequate representation of defendant and his requests, Mr. Hill had implied authority to stipulate thereto without express approval of defendant.  *See* NRPC 1.2(a).  The fourth continuance was for a mere nine days and necessitated by a scheduling conflict with attorneys for the government; any objection by defendant would not have been well-taken.[2]  (ECF No. 150).

Thus, the court finds that the continuances were not adverse to defendant nor did Mr. Hill's lack of consultation with defendant abridge any of his rights.  Indeed, at least three of the continuances were necessary for the effective representation of defendant.

   d. *Other grounds*

Defendant contends that new counsel is warranted because of Mr. Hill's "lackluster performance" during the sentencing hearing.  (ECF No. 159).  Defendant has not presented any support for this claim.  Moreover, even a "lackluster performance" does not reason a finding of ineffective assistance.  At minimum Mr. Hill exhibited competent legal representation and advocacy, which is all that is required for legal assistance to be reasonably effective.  *See Strickland*, 466 U.S. at 687; NRPC 1.1.

Finally, defendant posits that because Mr. Hill is "the third (3rd) ineffective 'CJA' attorney assigned to him," it entitles him to yet another court-appointed attorney.  (ECF No. 159).  As discussed *supra*, Mr. Hill's representation of defendant has been adequate, competent, and effective, even if defendant's desired outcome has not been attained.  Defendant's belief to the contrary is based on misunderstandings of fact and law.

## IV.   CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to withdraw (ECF No. 159) be, and same hereby is, DENIED.

DATED June 26, 2023.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Defendant was in custody awaiting sentencing.  Any extra time he spends in custody is credited to his sentence once it is given.  Thus, continuing his sentencing had little, if any, effect on defendant's circumstances.

**James C. Mahan**
**U.S. District Judge**

- 4 -